## Commonwealth v. Orton

*Samuel Bonavito,* District Attorney, for Commonwealth.

*William E. Barney,* for defendant.

WOLFE, *P.J.,* January 30, 1976 — Defendant has appealed his conviction for violation of the Act of December 22, 1965, P.L. 1124, art. I, sec. 101, 3 P.S. §460-101 et seq., commonly known as the Dog Law of 1965.

On June 21, 1975, at approximately 2 p.m., Teresa Benson, a 12-year-old girl, was walking from an area where she was attending a horse

show, on her way to a telephone at a restaurant, when, passing through defendant's property, she was bitten by defendant's German Shepherd watchdog, causing injury to her.

Defendant operates the Orton's Fruit Stand in Columbus Township, acknowledged he kept the dog for protection of his property and admitted that prior to this incident it had bitten three other persons on his premises.

Defendant argues he is not in violation of the act because his dog was tied to a 13-foot chain and he had erected signs indicating "No Trespassing."

In essence, section 501 provides that any person who has been attacked by a dog may make a complaint before a magistrate charging the owner or keeper of the animal with harboring a vicious dog, and if the magistrate shall find the person so charged is the owner or keeper of the dog and that it has viciously and without cause attacked a human being when off the premises, the official shall order the owner or keeper to "henceforth keep such dog securely confined."

The act further provides that if the owner or keeper of such vicious dog, after receiving such order, permits it to run at large, it may be killed by any constable or police officer and the owner subjected to a fine.

It is defendant's argument that, since the dog was chained and was on his premises, there is no violation of the act.

Section 702 of article VII provides:

"It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either (1) confined within the premises of the owner or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured, or (3) under the reasonable control of some person, or when en-

gaged in lawful hunting or field training accompanied by an owner or handler."

These two sections read together are, in our opinion, a statutory codification of the common laws' attitude towards an owner of a dog who has no knowledge that the dog may be vicious until it acts; thus, it has been commonly recognized that "every dog is entitled to its first bite." In the instant case, defendant's dog has had three prior bites and defendant acknowledged he maintained the dog for security purposes knowing its dangerous propensities. The fact no trespassing signs or vicious dog signs were erected is of no defense as to minor children who have no appreciation of the danger involved; nor do we think chaining the dog alone is sufficient securing of a vicious dog under these circumstances; clearly, an owner of such dog could secure it by a chain of any length and technically comply with the act. In this case, defendant's premises were not fenced in such a manner that the public could not freely walk through the property and to chain the dog at such a length it could reach persons passing through is not in compliance with the act. Under these circumstances, it is our conclusion that defendant must either secure his premises so that persons may not enter thereon or secure the dog in such a manner that it cannot reach persons if they are permitted to cross the property.

For these reasons, we enter the following

ORDER

And now, January 30, 1976, defendant is found guilty as charged and is sentenced to pay the costs of prosecution together with a fine of $150 and to make full restitution to the victim. Defendant shall, within 10 days, either remove the dog from his premises or pen the dog so that it cannot reach persons reasonably upon his premises.